PROB 22,
(Rev. 02/88)

**JUDGE KENNELLY**
# TRANSFER OF JURISDICTION
**MAGISTRATE JUDGE VALDEZ**

DOCKET NUMBER (Tran. Court)
99~~DOCKET~~C-01
~~U.S. DISTRICT COURT~~
DOCKE~~WESTERN DIST. OF WISCONSIN~~

28

| NAME & ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Timothy T. Rucker | Western Wisconsin | FILED THERESA M OWENS, CLERK CASE# Madison |
| | NAME OF SENTENCING JUDGE | |
| | Honorable Barbara B. Crabb | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 10/9/07 | TO 10/8/10 |

RECEIVED JUL 11 2008 U.S. PROBATION OFFICE CHICAGO ILLINOIS

JUL 28 2008

| OFFENSE | |
|---|---|
| Possession by an Inmate of a Prohibited Object - Marijuana | **08CR 572** |

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **Western** DISTRICT OF **Wisconsin**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **Northern District of Illinois** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

June 26, 2008 — Date | Barbara B. Crabb — United States District Judge

*This sentence may be deleted in the discretion of the transferring court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **Northern District of Illinois**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after entry of this order.

JUL 17 2008 — Effective Date | James F. Holderman — United States District Judge

**FILED**

AUG 7 2008
August 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# U.S. District Court
# Western District of Wisconsin (Madison)
# CRIMINAL DOCKET FOR CASE #: 3:99-cr-00050-bbc-1
# Internal Use Only

Case title: USA v. RUCKER, TIMOTHY

Date Filed: 05/13/1999
Date Terminated: 09/30/1999

Assigned to: Chief Judge Barbara B Crabb

**Defendant**

**Timothy Rucker (1)**

represented by **Glenn C. Reynolds**
407 E. Main St.
Madison, WI 53705
608-257-3621
Email: greynolds@reynlaw.net
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

CONTRABAND IN PRISON -
NARCOTIC DRUG
(2)

**Disposition**

Convicted/final plea of guilty.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

A TRUE COPY, Certified
AUG - 5 2008
Joel Turner, Acting Clerk
U.S. District Court
Western District of Wisconsin
BY: _____
Deputy Clerk

| | | |
|---|---|---|
| USA | | represented by **John William Vaudreuil**<br>660 West Washington Avenue, #303<br>Madison, WI 53703<br>608-264-5158<br>Email: john.vaudreuil@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text | QC Email |
|---|---|---|---|
| 05/13/1999 | | Jams Import Utility Entry (Entered: 05/13/1999) | JAMS IMPORT |
| 05/13/1999 | | Criminal Charges/Counts (Entered: 05/13/1999) | JAMS IMPORT |
| 05/13/1999 | 1 | JS 45, CRIMINAL COVER SHEET (Entered: 05/13/1999) | JAMS IMPORT |
| 05/13/1999 | 3 | INDICTMENT (Entered: 05/13/1999) | JAMS IMPORT |
| 05/19/1999 | 4 | CJA VOUCHER 20 #1038786 APPTMT (DODGE) (Entered: 05/19/1999) | JAMS IMPORT |
| 05/21/1999 | 5 | FINANCIAL AFFIDAVIT (Entered: 05/21/1999) | JAMS IMPORT |
| 05/26/1999 | 8 | CTR MIN: ARRG.; N.G.PLEAS BY EACH DEFT;DATES SET. DEFT RUCKERIN CUSTODY; DEFT GRANDBERRY REL'SD ON PR.(SLC)(15 MIN) (Entered: 05/26/1999) | JAMS IMPORT |
| 05/26/1999 | 11 | ORDER ON SCHEDULING AT ARRAIGNMENT. (SLC) (Entered: 05/26/1999) | JAMS IMPORT |
| 07/06/1999 | 12 | CTR MIN: PTC; NO MOTIONS FILED.(SLC) 6' (Entered: 07/06/1999) | JAMS IMPORT |
| 07/07/1999 | 15 | PTC ORDER - W/ORDER GOVERNING FPTC. (SLC) (Entered: 07/07/1999) | JAMS IMPORT |
| 08/18/1999 | 17 | CTR MIN: PLEA HRG.; DEFT. ENTERS PLEA TO COUNT 2,PSR DUE 9/15OBJS. 9/22.SENT. 9/30/99. PLEA AGEEMENT SIGNED/FILED(BC)22 (Entered: 08/18/1999) | JAMS IMPORT |
| 08/18/1999 | 19 | PLEA AGREEMENT (Entered: 08/18/1999) | JAMS IMPORT |
| 09/22/1999 | | GOVT LETTER STATING THEY HAVE NO OBJ. TO PSR; SENT TO BC FOR FILING. (Entered: 09/22/1999) | JAMS IMPORT |
| 09/27/1999 | | DEFT'S LETTER STATING THEY HAVE NO OBJ.TO PSR; SENT TO BC FORFILING. (Entered: 09/27/1999) | JAMS IMPORT |

| | | | |
|---|---|---|---|
| 09/30/1999 | 21 | CTR MIN: SENT.; ON CT 2: $100 S.A. BOP 8 MOS IMPR. CONSEC.TOCURRENT SENTENCE. 3 YRS S.R. CONCURR W/CURRENT SENT.(BC)20MIN (Entered: 09/30/1999) | JAMS IMPORT |
| 10/04/1999 | 22 | JUDGMENT AND COMMITMENT (BC) CCMLD (Entered: 10/04/1999) | JAMS IMPORT |
| 02/25/2000 | 25 | CJA VOUCHER 20 #1038786 APPROVAL; CERTIFIED FOR PAYMENT. (DODGE)($1,066.70) (Entered: 02/25/2000) | JAMS IMPORT |
| 10/18/2000 | 26 | PARTIAL SATISFACTION OF JUDGMENT, RE: ASSESSMENT. (Entered: 10/18/2000) | JAMS IMPORT |
| 07/28/2008 | 28 | Order Transferring Jurisdiction of Supervision to Northern District of Illinois. Signed by Judge Barbara B Crabb on 6/26/08. (rep) (Entered: 07/28/2008) | Ryan E Plender |
| 08/05/2008 | | Jurisdiction of Supervised Release Transferred to Northern District of Illinois as to Timothy Rucker. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (rep) (Entered: 08/05/2008) | Ryan E Plender |

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | INDICTMENT |
| ) | |
| v. ) | Case No. '99 CR-50 |
| ) | 18 U.S.C. § 1791 |
| TIMOTHY RUCKER and ) | |
| YOLANDA GRANDBERRY, ) | |
| ) | |
| Defendants. ) | |

THE GRAND JURY CHARGES:

## COUNT I

On or about October 11, 1998, in the Western District of Wisconsin, the defendant,

### YOLANDA GRANDBERRY,

in violation of a rule issued under a statute, knowingly provided to an inmate of a prison a prohibited object, specifically, the defendant, YOLANDA GRANDBERRY, in violation of Title 28, Code of Federal Regulations, Section 541.13, knowingly provided marijuana to Timothy Rucker, who was at that time an inmate at the Federal Correctional Institution, Oxford, Wisconsin.

(All in violation of Title 18, United States Code, Section 1791(a)(1) and Section 1791(b)(3)).

A TRUE COPY, Certified
AUG - 5 2008
Joel Turner, Acting Clerk
U.S. District Court
Western District of Wisconsin
BY _____
Deputy Clerk

## COUNT 2

On or about October 11, 1998, in the Western District of Wisconsin, the defendant,

TIMOTHY RUCKER,

being an inmate of a prison, knowingly possessed and obtained a prohibited object, specifically, the defendant, TIMOTHY RUCKER, being an inmate at the Federal Correctional Institution, Oxford, Wisconsin, knowingly possessed and obtained marijuana.

(All in violation of Title 18, United States Code, Section 1791(a)(2) and Section 1791(b)(3)).

A TRUE BILL

Peggy A. Lautenschlager
United States Attorney

Indictment returned: 5-13-99

2

# United States District Court
## Western District Of Wisconsin

UNITED STATES OF AMERICA

v.

**TIMOTHY T. RUCKER**

**JUDGMENT IN A CRIMINAL CASE**
(for offenses committed on or after November 1, 1987)

Case Number: 99-CR-50-C-01

Defendant's Attorney: DAVID DODGE

The Defendant, Timothy T. Rucker,
pleaded guilty to count 2 of the indictment.

Count 1 of the indictment is dismissed on the motion of the United States.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1791(a)(2) and 1791(b)(3) | Possession by an Inmate of a Prohibited Object - Marijuana | October 11, 1998 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

September 30, 1999
Date of Imposition of Judgment

*Barbara B Crabb*
Barbara B. Crabb
District Judge

*October 1, 1999*
Date Signed:

A TRUE COPY, Certified
AUG - 5 2008

Joel Turner, Acting Clerk
U.S. District Court
Western District of Wisconsin
BY
Deputy Clerk

copies USP

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons for imprisonment for a period of eight months as to count 2. Pursuant to § 5G1.3(a), the sentence of imprisonment is to run consecutively to the 147-month sentence imposed on defendant in the Eastern District of Wisconsin in case number 97-CR-17-1 on July 24, 1997.

The Court makes the following recommendations to the Bureau of Prisons:

I recommend that defendant be afforded the opportunity to participate in the Bureau of Prisons' 500 hour Comprehensive Drug Treatment Program.

## RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy Marshal

AO 245 B (Rev. 7/93)(N.H. Rev.) Case 1:08-cr-00572 DOCUMENT 2 TIMOTHY L. RUCKER Filed 08/07/2008 Page 9 of 12
CASE NUMBER: 99-CR-50-C-01

Judgment - Page 3 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, defendant shall be on supervised release for a term of three years as to count 2. The term of supervised release is to run concurrently with the term of supervised release imposed in case number 97-CR-17-1.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm or destructive device while on supervised release.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

Defendant shall also comply with the following special conditions:

(1) Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

(2) Provide financial information to the supervising U.S. probation officer, as directed;

(3) Abstain from the use of alcohol and from the use and sale of illegal drugs and from association with drug users and sellers and participate in a program of substance abuse counseling and testing, as directed by the supervising U.S. probation officer; and

(4) Allow searches by the supervising U.S. probation officer of any residence, vehicle, property or areas under defendant's control where there is reason to believe defendant is in possession of contraband material. Defendant shall permit confiscation of the contraband material.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 2 | $100.00 | $0.00 | $0.00 |
| Total | $100.00 | $0.00 | $0.00 |

As to count 2 of the indictment, it is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the financial means at present or the future earning capacity to pay a fine pursuant to § 5E1.2(e) without impairing his ability to support himself upon release.

## RESTITUTION

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.